### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EZRA U. GAVIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 07-1012 |
| ) | |
| STEPHEN B. WRIGHT, ) | |
| ) | |
| Respondent. ) | |

## O R D E R

This matter is presently before the Court on Petitioner, Ezra Gavin's ("Gavin"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth herein, Gavin's § 2254 Petition is TRANSFERRED without any ruling on the merits of the Petition or other pending motions.

**Background**

In 2002, Gavin was convicted of two counts of possession with intent to deliver cocaine in the Circuit Court of Adams County, Illinois, which is located within the Springfield Division of the Central District of Illinois. He was sentenced to 15 and 25 years' imprisonment on these counts. Gavin is presently incarcerated in the Hill Correctional Center in the Peoria Division of the Central District of Illinois and filed the present § 2254 Petition in this division.

A §2254 Petition:

> [M]ay be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. §2241(d). Accordingly, the Central Districts of Illinois clearly has jurisdiction over this action; the question is in which division of the Central District should Gavin's Petition be heard. "[T]he district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." 28 U.S.C. § 2241(d).

Although Gavin is incarcerated in the Peoria Division, he was convicted and sentenced in the Springfield Division. His present claims assert that his Sixth Amendment right to a trial by jury was violated when he received ineffective assistance of counsel and was otherwise denied a fair trial implicate his original conviction and sentence in the Springfield Division. Thus, the Court finds that the Springfield Division is a more convenient forum for the hearing and determination of this habeas corpus action, particularly because the records of Mason's criminal proceedings may be found there, as may any witnesses and other participants in such proceedings. Furthermore, Local Rule 40.1 provides that cases arising out of Adams County shall be heard in the Springfield Division of this District.

This Court therefore TRANSFERS this matter to the Springfield Division of the Central District of Illinois without addressing any of the pending motions.

ENTERED this 18th day of January, 2007.

                                              s/ Michael M. Mihm
                                              Michael M. Mihm
                                              United States District Judge