IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| EZRA GAVIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  07-3018 |
| | ) | |
| STEVEN B. WRIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

Pending before the Court are Petitioner Ezra Gavin's Petition for a Writ of Habeas Corpus (d/e 4), Respondent Steven Wright's Motion to Dismiss as Unexhausted (d/e 8) (Motion to Dismiss), and Gavin's Motion to Stay (d/e 10).  Gavin is currently serving consecutive terms of 25 and 15 years imprisonment for two counts of possession with intent to deliver a substance containing cocaine and a concurrent 3-year term of imprisonment for unlawful use of a building.  He seeks habeas relief pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, the Motion to Dismiss is allowed, the Motion to Stay is denied, and the Petition is dismissed.

Gavin was convicted following a jury trial of two counts of possession

1

with intent to deliver a substance containing cocaine and one count of unlawful use of a building. Gavin, who was represented by counsel, filed a direct appeal challenging all of the convictions on sufficiency of the evidence grounds. Gavin attempted to file a pro se supplemental brief asserting ineffective assistance of trial counsel; however, the state appellate court struck the document. By Order dated December 8, 2004, the Illinois Appellate Court affirmed Gavin's convictions.

Gavin filed a pro se Petition for Leave to Appeal (PLA) to the Illinois Supreme Court on January 20, 2005, which sought reversal based on the following grounds: ineffective assistance of trial and appellate counsel, judicial misconduct, cruel and unusual punishment, jury instructions, due process, search and seizure, and erroneous admission of evidence. The PLA did not identify any specific instances of ineffective assistance of counsel. The Supreme Court denied the PLA on March 30, 2005.

On December 9, 2004, Gavin filed a pro se Petition for Post-Conviction Relief. He alleged multiple specific instances of alleged ineffective assistance by trial counsel. He further asserted that the jury pool violated Batson v. Kentucky; the trial judge erred in failing to answer questions from the jury during deliberations; he was denied a fair trial

2

because of prejudicial comments by the prosecutor and the manner in which the trial judge handled the exhibits and various motions; the trial judge utilized improper factors in sentencing; and his sentence violated <u>Blakely v Washington</u>.  See <u>Blakely</u>, 542 U.S. 296 (2004); <u>Batson</u>, 476 U.S. 79 (1986).  After filing the initial pro se Post-Conviction Petition, Gavin obtained representation.  With the aid of counsel, on April 27, 2006, Gavin filed an Amended Petition for Post-Conviction Relief.  The Amended Post-Conviction Petition alleged numerous specific instances of ineffective assistance of trial counsel.  Gavin also asserted that his sentence was based on impermissible factors and constituted cruel and unusual punishment.

On July 18, 2006, Gavin, through counsel, filed a Second Amended Petition for Post-Conviction Relief.  The Second Amended Post-Conviction Petition incorporated the allegations of Gavin's Amended Post- Conviction Petition and his original pro se Petition.  The Second Amended Post-Conviction Petition added allegations of ineffective assistance by appellate counsel.  The Circuit Court denied Gavin's three petitions by Order dated October 17, 2006.  Gavin filed a notice of appeal on October 20, 2006.  Respondent asserts that this appeal is still pending before the Illinois Appellate Court. See <u>Motion to Dismiss</u>, p. 4.  Gavin concedes that issues

remain pending in state court.  See Motion to Stay, p. 1.

On January 25, 2007, Gavin filed the instant Petition.  He asserts that trial counsel and appellate counsel were ineffective in several respects and that the trial court violated his right to a fair trial in that the "Court gave great weight to fact defendant originates from Chicago" and "improperly allowed emotion and sentimentality regarding the death of a community leader whose person and death had nothing to do with case."  Petition, p. 7.  According to Gavin, trial counsel failed to call crucial witnesses, failed to investigate properly, failed to file a motion to sever counts, failed to file two motions to suppress, and gave Gavin erroneous instructions relating to his direct appeal.  Gavin contends that appellate counsel failed to raise the issue of the identification and weight of the cocaine, failed to argue that Gavin's sentence was excessive, and failed to raise the trial court's errors relating to the weight given the fact that Gavin originates from Chicago and the death of the community leader.

Respondent moves to dismiss, asserting that none of Gavin's claims have been exhausted.  Under 28 U.S.C. § 2254(b)(1):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

4

> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
>    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Additionally, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). As the Supreme Court has recognized:

> [t]he exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. . . . it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose v. Lundy, 455 U.S. 509, 518 (1982) (internal quotations and citations omitted).

A claim is considered exhausted only if the petitioner has provided the state courts with a full and fair opportunity to review his claims. O'Sullivan

v. Boerckel, 526 U.S. 838, 845 (1999). Generally, this requires a petitioner challenging an Illinois state conviction or sentence to file a petition for discretionary review in the Illinois Supreme Court. Id. at 845-847.

In the instant case, none of the claims Gavin advances in his habeas petition were before the Appellate Court on direct appeal in his criminal case. See Motion to Dismiss, Ex. 3, Brief and Argument for Defendant-Appellant Ezra Gavin. While Gavin attempted to file a pro se supplemental brief raising ineffective assistance of trial counsel, the Appellate Court struck the document. Moreover, it is undisputed that the appeal in Gavin's post-conviction proceeding remains pending. Therefore, this Court cannot consider Gavin's Petition because he has not exhausted his state remedies. See 28 U.S.C. § 2254(b). Gavin asks the Court to stay his petition to allow him to "exhaust issues currently pending in state court." Motion to Stay, p. 1. "[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines v. Weber, 544 U.S. 269, 277 (2005). Gavin has not presented good cause for staying the instant Petition. The Motion to Stay is denied, and Respondent's Motion to Dismiss is allowed.

THEREFORE, Petitioner Ezra Gavin's Motion to Stay (d/e 10) is

6

DENIED.  Respondent Steven Wright's Motion to Dismiss as Unexhausted (d/e 8) is ALLOWED.  Gavin's Petition for a Writ of Habeas Corpus (d/e 4) is DISMISSED without prejudice.  He may refile the petition once he has exhausted his state court remedies.

IT IS THEREFORE SO ORDERED.

ENTER:  May 18, 2007.

    FOR THE COURT:

                                              s/ Jeanne E. Scott
                                              JEANNE E. SCOTT
                                    UNITED STATES DISTRICT JUDGE